UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB (KK) | Date | October 2, 2014 |
|---|---|---|---|
| Title | Jim Katasse v. Acting Warden Neil McDowell | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust

On September 30, 2014, petitioner Jim Katasse ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). Petitioner purports to challenge his 2012 conviction and sentence in Los Angeles Superior Court for robbery in violation of California Penal Code Section 211. This court having reviewed the Petition, it appears the Petition is subject to dismissal because, as indicated in the Petition, petitioner has not exhausted his state remedies with respect to the grounds raised in his Petition. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **October 30, 2014**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB (KK) | Date | October 2, 2014 |
|---|---|---|---|
| Title | Jim Katasse v. Acting Warden Neil McDowell | | |

in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised three purported grounds for relief in his federal habeas Petition: (1) Petitioner was not given discovery; (2) Petitioner was denied a speedy trial; and (3) Petitioner was never given written notice of claimed violation or disclosure of evidence against him. ECF 3 at 5-6. The Petition indicates Petitioner filed a direct appeal of his conviction, but subsequently abandoned his appeal and did not seek a petition for review of his appeal with the California Supreme Court. Id. at 3. The Petition also indicates Petitioner filed one previous habeas petition in the California Supreme Court but that the only issue raised was "no fair trial in 2012 probation revocation proceedings." Id. at 3-4. Thus, it appears none of the grounds Petitioner raises in the instant Petition have been ruled on by the California Supreme Court, and thus none of the grounds raised have yet been exhausted. If this is correct, the Petition is subject to dismissal.

## Petitioner's Options

If petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **October 30, 2014**. Petitioner should attach to his response copies of any documents establishing that grounds one through three are indeed exhausted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB (KK) | Date | October 2, 2014 |
|---|---|---|---|
| Title | Jim Katasse v. Acting Warden Neil McDowell | | |

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **October 30, 2014**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**