UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB-KK | | Date | March 2, 2015 |
|---|---|---|---|---|
| Title | Jim Katasse v. Neil McDowell | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**  **(In Chambers) Order Directing Petitioner to File Response Regarding Exhaustion**

On September 30, 2014, Jim Katasse ("Petitioner"), a California state prisoner proceeding pro se, filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d).  (ECF Docket No. ("dkt.") 3).  In the Petition, Petitioner challenges his 2012 probation revocation proceedings in connection with his underlying robbery conviction sustained in Los Angeles County Superior Court, Case No. SA063728.  Id.

Construed liberally, Petitioner sets forth eleven claims for habeas relief in the Petition: (1) the trial court erred in denying Petitioner's discovery motion ("Claim One"); (2) Petitioner's right to a speedy trial was violated ("Claim Two"); (3) Petitioner's right to notice of the charges was violated ("Claim Three"); (4) there was insufficient evidence to support the prior conviction findings ("Claim Four"); (5) Petitioner's right to counsel was violated ("Claim Five"); (6) Petitioner's right to due process was violated when the trial court denied his sentencing motion ("Claim Six"); (7) Deputy Probation Officer Olivia Pena did not follow proper probation violation hearing procedures ("Claim Seven"); (8) the bench warrant issued by the trial court was not supported by good cause ("Claim Eight"); (9) Petitioner's due process rights were violated by the withholding of exculpatory material ("Claim Nine"); (10) the trial court and prosecution tampered with Petitioner's material witness ("Claim Ten"); and (11) the trial court was biased against Petitioner ("Claim Eleven").  Id. at 5-6; 10-11.

On January 8, 2015, Respondent filed a Motion to Dismiss ("Motion") contending Claims Two and Four through Eleven are unexhausted.  (Dkt. 22).  Petitioner has failed to file an Opposition to the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB-KK | | Date | March 2, 2015 |
|---|---|---|---|---|
| Title | Jim Katasse v. Neil McDowell | | | |

After considering Respondent's Motion, the Court makes the following determinations.[1]

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

"[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  Furthermore, the mere citation of a relevant federal constitutional provision in relation to another claim does not satisfy the exhaustion requirement.  Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory.").

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

---

[1]	In light of the Court's findings, the Court finds Respondent's Motion to Dismiss moot and denies it without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB-KK | Date | March 2, 2015 |
|----------|------------------|------|---------------|
| Title | Jim Katasse v. Neil McDowell | | |

Here, Petitioner filed two habeas corpus petitions before the California Supreme Court (case numbers S214144 and S217733).  See Lodged Documents ("Lodg.") 4 and 6. The Court's review of these documents establishes Petitioner presented (and hence, exhausted) Claims One and Three (trial court erred in denying Petitioner's discovery motion and Petitioner's right to notice of the charges was violated).  However, Petitioner presented Claim Two (right to speedy trial) as an issue of *state* law.  See Lodg. 4 at 3.[2] Moreover, Claims Four through Eleven were not presented in either California Supreme Court petition.

Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition.  However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

**Option 1:**

If Petitioner contends he has in fact exhausted his state court remedies on Claims Two and Four through Eleven, he should clearly explain this in a response to this Order. Petitioner should attach to his response copies of any documents establishing that Claims Two and Four through Eleven are indeed exhausted.  (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

**Option 2:**

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

---

[2]    In the petition in case number S214144, Petitioner listed the Victim and Witness Protection Act of 1982, 18 U.S.C. § 1512, in support of his claim.  However, this mere citation to an irrelevant federal law criminalizing various acts related to witness, victim, and informant tampering does not satisfy the exhaustion requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB-KK | | Date | March 2, 2015 |
|---|---|---|---|---|
| Title | Jim Katasse v. Neil McDowell | | | |

**Option 3:**

Petitioner may request a voluntary dismissal of only the unexhausted claims (Claims Two and Four through Eleven), and elect to proceed on only his exhausted claims (Claims One and Three).  **Petitioner may also use the attached Notice of Dismissal form in order to select this option**.  The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claims Two and Four through Eleven, or other claims that could have been raised in the instant Petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claims.  To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for his failure to exhaust Claims Two and Four through Eleven in state court earlier; and (b) show that Claims Two and Four through Eleven are not "plainly meritless."  See id. at 277.  (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.)

**Option 5:**

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claims Two and Four through Eleven and ask the Court to stay his remaining, fully exhausted claims (Claims One and Three) while he returns to the state courts to exhaust Claims Two and Four through Eleven.  The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6717-AB-KK | Date | March 2, 2015 |
|---|---|---|---|
| Title | Jim Katasse v. Neil McDowell | | |

<u>Mayle v. Felix</u>, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).  (Petitioner also may request a <u>Kelly</u> stay, and include a notice that, if the Court denies the <u>Kelly</u> stay, he alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend the Petition be dismissed as a mixed petition.  Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claims Two and Four through Eleven are exhausted.  In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to his choice.  In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either <u>Rhines</u> or <u>Kelly</u>.  With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay.  Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected ***no later than March 16, 2015***.

IT IS THEREFORE ORDERED:

1.      **By March 16, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above.  **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**